**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:18CR00025-007 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JAMES ROBERT JOHNSON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendant. | ) | |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; James Robert Johnson, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255 alleging that his sentence based on "Ice" methamphetamine amounts to a constructive amendment of his Indictment and that he is factually innocent. The United States has filed a Motion to Dismiss, to which the defendant has not responded by the deadline. For the following reasons, I will grant the United States' motion and dismiss the defendant's § 2255 motion.

I.

On March 28, 2019, the defendant, James Robert Johnson, pled guilty to Count One of the Indictment without a plea agreement. Count One charged the defendant with conspiring to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation

of 21 U.S.C. §§ 841 and 846. The Presentence Investigation Report (PSR) determined that Johnson had a total offense level of 35 and a criminal history category of II, which resulted in a sentencing guideline range of 188 to 235 months. Prior to sentencing, the defendant filed objections to the PSR contesting the purity levels of the drugs attributed to him under the U.S. Sentencing Guidelines Manual. After hearing evidence, I overruled the defendant's objections and held that the guidelines for Ice — a higher-purity methamphetamine — should apply. *United States v. Farris*, 421 F. Supp. 3d 321, 328–29 (W.D. Va. 2019). On January 28, 2020, I sentenced Johnson below his advisory guideline range to 151 months' incarceration, to be followed by five years of supervised release.

Johnson appealed the application of the Ice guidelines to determine his sentence. The Fourth Circuit rejected each of his arguments and affirmed. *United States v. Williams*, 19 F.4th 374, 384 (4th Cir. 2021), *cert. denied* 142 S. Ct. 1392 (2022). Specifically, the Fourth Circuit held that it was not clearly erroneous for the court to find that the government had met its burden of proving the conspiracy involved Ice and that such purity was reasonably foreseeable to the defendant, and that the court did not abuse its discretion in declining to reject the application of Ice guidelines for policy reasons. *Id.* at 378, 384.

Johnson now moves to collaterally attack his conviction pursuant to 28 U.S.C. § 2255 and requests an evidentiary hearing. His motion raises two arguments. First,

Johnson contends that because the Indictment did not charge him with Ice, only a "mixture and substance containing 500 grams or more of a detectable amount of methamphetamine," his sentence under the Ice guidelines constitutes a constructive amendment of the Indictment in violation of the Fifth Amendment. 2255 Mot. 2, ECF No. 1363. Second, Johnson argues that he is "actually and factually innocent" because he pled guilty to a crime not charged in the Indictment. *Id*. at 7.

The government responds that there was no constructive amendment to the Indictment because the purity of methamphetamine is not a statutory element of the offense with which Johnson was charged. The government further contends that Johnson procedurally defaulted his constructive amendment argument by not raising it at trial and on direct appeal, and that he cannot show cause and prejudice or actual innocence to overcome his default. In the alternative, the government argues that by pleading guilty, Johnson waived his right to collaterally attack non-jurisdictional defects in the indictment, and that a constructive amendment is not a jurisdictional defect. Johnson was granted an extension of time to reply but has failed to do so by the deadline. The matter is now ripe for a decision.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3)

that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A. Constructive Amendment.

Johnson has not alleged a constitutional violation because his constructive amendment argument is wrong. "A constructive amendment occurs where the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." *United States v. Malloy*, 568 F.3d 166, 177–78 (4th Cir. 2009) (internal quotation marks and citation omitted). A potentially fatal alteration occurs where "the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction." *Id.* at 178. Although this challenge typically follows a jury trial, courts have heard challenges "in the context of a guilty plea that, by its terms, amends the charges brought by the indictment." *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014); *see also United States v. Allen*, 383 F. App'x 313, 314 (4th Cir. 2010) (unpublished).

Here, Johnson pled guilty, and so his constructive-amendment challenge is not based on evidence and argument presented at trial, or jury instructions. Instead, he appears to argue that the court erred in accepting his guilty plea and holding him accountable for a higher drug purity not charged in the Indictment. But the

Indictment properly charged the offense for which Johnson was convicted. Specifically, as the record and plea colloquy indicate, the statutes under which he was indicted and convicted criminalize conspiracy to distribute and possess with intent to distribute "a mixture and substance containing 500 grams or more of a detectable amount of methamphetamine." Indictment 2, ECF No. 34; Guilty Plea Hr'g 12–15, ECF No. 994; 21 U.S.C. §§ 841(b)(1)(A), 846. The defendant mistakenly conflates the charged offense elements with the Sentencing Guidelines' differing treatment of Ice and lower-purity methamphetamine. Although Ice is subject to harsher sentences under the Sentencing Guidelines, conspiring to distribute higher-purity methamphetamine is not a separate statutory offense. Indeed, Ice methamphetamine fits plainly into the statutory language proscribing "a mixture or substance containing a detectable amount of methamphetamine." 21 U.S.C. § 841(b)(1)(A)(viii).

B. Procedural Default.

Even if he alleged a valid constitutional violation, Johnson procedurally defaulted his constructive amendment argument by failing to raise it on direct appeal. A defendant may not raise an issue for the first time on collateral review unless he can demonstrate either "cause" for the default and "prejudice" resulting

therefrom, or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). I find that he cannot satisfy either standard.[1]

A defendant can show cause to overcome a procedurally defaulted claim where the Supreme Court establishes "a new constitutional rule, representing a clear break with the past," so that the legal basis for an argument was not reasonably available to counsel. *Reed v. Ross*, 468 U.S. 1, 17 (1984) (internal quotation marks and citations omitted). However, the Court in *Bousley* recognized that a defendant's claim was "surely not a novel one," where the "Federal Reporters were replete with cases involving challenges" based on the same legal theory. *Bousley*, 523 U.S. at 622.

Johnson does not argue that he can show cause to excuse his procedural default. But his constructive amendment argument based on whether the methamphetamine's purity level is an element of the offense is surely not a novel one, as it has been raised by other defendants prior to Johnson's conviction, albeit unsuccessfully. *See, e.g.*, *United States v. Gore*, 212 F. App'x 313, 314–15 (5th Cir. 2007) (unpublished). Constructive amendment challenges in general have been raised innumerable times in this circuit and others. *See, e.g.*, *Malloy*, 568 F.3d 177–78. It cannot be said that Johnson lacked the tools to construct this argument on

---

[1] Because I find that the defendant has failed to establish cause or actual innocence, and therefore has procedurally defaulted his claim, I will decline to address the government's alternative waiver-of-jurisdictional-defects argument.

direct appeal. Johnson therefore cannot show cause to overcome his procedural default. Because he fails the first prong, I need not address whether Johnson can show prejudice.

Second, he cannot show actual innocence. To establish actual innocence, a defendant must show that "in light of all the evidence . . . it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks and citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623 (internal quotation marks omitted).

Johnson claims that because the Indictment did not charge him specifically with conspiring to distribute Ice methamphetamine, he was "adjudicated guilty and sentenced for . . . charges neither brought nor indicted by a Grand Jury." 2255 Mot. 7, ECF No. 1363. But this factual-innocence argument is incorrect for the same reason his constructive-amendment claim fails. Johnson pled guilty to conspiring to distribute and possess with the intent to distribute a mixture containing a detectable amount of methamphetamine. Whether that methamphetamine mixture was of Breaking Bad quality or just plain bad is irrelevant.[2] Johnson is not "actually innocent" because, as explained above, the government was not required to prove any facts regarding the drug purity in order to convict Johnson.

---

[2] *Breaking Bad: Pilot* (AMC television broadcast Jan. 20, 2008).

In short, Johnson raises no constitutional violation because his constructive amendment argument rests on the mistaken assumption that the drug purity is an element of his convicted offense. And even if he had, Johnson procedurally defaulted his claim and failed to show cause and prejudice or actual innocence to excuse the default. Johnson's § 2255 motion fails on those grounds.

III.

For these reasons, I will grant the United States' Motion to Dismiss, ECF No. 1370, and deny the defendant's motion, ECF No. 1363. A separate Final Order will be entered herewith.

DATED: July 29, 2022

/s/ JAMES P. JONES
Senior United States District Judge